IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-249 |
| vs. | ORDER |
| JUSTYN KUCERA, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has construed as a motion to reconsider (filing 256) the Court's previous order (filing 255) regarding the construction of his post-judgment motion (filing 254). The Court will not reconsider its previous order.

The defendant's letter poses three questions, the first two of which seem to concern the Court's observation that Fed. R. Civ. P. 60(b) is not the proper vehicle to challenge his criminal conviction. *See* filing 255 at 1; filing 256 at 1. The reason one civil remedy is available while another is not is simple: the Federal Rules of Civil Procedure apply in civil proceedings, *see* Fed. R. Civ. P. 1, so Fed. R. Civ. P. 60(b) only provides relief from a civil judgment, but 28 U.S.C. § 2255 expressly permits a court to vacate, set aside, or correct the criminal sentence of a prisoner in custody, *see* § 2255(a). If the defendant believes that conclusion is incorrect, he is free to make his argument to a higher court after the Court rules on his motion (filing 254).

The third question posed by the defendant is one the Court can't answer, because it essentially asks the Court to rule on the merits of his previous motion (filing 254). The Court will eventually rule on that motion, but cannot do so until the defendant clarifies how that motion should be construed and

- 2 -

whether it will be supplemented or amended. *See* filing 255. The deadlines set by the Court's previous order (filing 255) stand.

IT IS ORDERED that the defendant's motion to reconsider (filing 256) is denied.

Dated this 3rd day of August, 2021.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge