IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-249 |
| vs. | MEMORANDUM AND ORDER |
| JUSTYN KUCERA, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 259) filed by the defendant, Justyn Kucera. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was indicted in 2013 on one count of conspiring to distribute 50 grams or more of methamphetamine, one count of possessing 5 grams or more of methamphetamine with intent to distribute it, and one count of possessing a firearm during and in relation to a drug trafficking crime. Filing 1. He agreed to plead guilty to the charge of possession of methamphetamine and the firearm charge, and the conspiracy charge was dismissed at sentencing. *See* filing 124; filing 200. He was sentenced to 60 months' imprisonment on each charge, sentences to be served consecutively. Filing 200.

## DISCUSSION

The defendant's argument for postconviction relief is mostly incomprehensible, and to the extent that it's comprehensible it's meritless. But the first problem the defendant faces is that his motion is untimely.

A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, the judgment was entered on February 24, 2014, and the defendant did not appeal. *See* filing 200. So the judgment became final on March 11, 2014, when the time for appeal ran. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). Accordingly, the statute of limitations ran on March 14, 2015, years before the defendant mailed his initial motion for postconviction relief. *See* filing 254.

The defendant suggests that he's asserting a right "newly recognized" by the Supreme Court in 2021 and that the facts underlying his claims were only "discovered" in 2021. *See* filing 259 at 10, 12. Presumably, he's trying to establish that his claims are timely pursuant to § 2255(f)(3) or (4). But he hasn't identified any right initially recognized by the Supreme Court in 2021: the most recent Supreme Court decision he cites is *Steel Co. v. Citizens for a Better Env't,* 118 S. Ct. 1003 (1998). *See* filing 262 at 4. Nor has he alleged any recently discovered facts—his arguments appear to be entirely legal, not factual. *See E.J.R.E. v. United States,* 453 F.3d 1094, 1098 (8th Cir. 2006).

The defendant also argues that the statute of limitations doesn't apply to his claims at all because his challenge to his conviction is jurisdictional. *See* filing 259 at 14. But "[n]othing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255." *Barreto-Barreto v. United States,* 551 F.3d 95, 100 (1st Cir. 2008); *see United States v. Scruggs,* 691 F.3d 660, 666 (5th Cir. 2012); *cf. United States v. Wolff,* 241 F.3d 1055, 1056 (8th Cir. 2001).

Accordingly, the defendant's claims are time-barred. But even on the merits, they fail. As best the Court can understand his arguments, he's contending that the Court lacked subject matter jurisdiction to convict him. *See* filing 259 at 5-6. He describes the United States as a "fictitious named party" and demands the Court's jurisdiction be proved. *See* filing 262 at 2-4.

That's not hard: the judicial power of the United States—and the original jurisdiction of the district court—extends to cases in law and equity arising under the laws of the United States. *See* U.S. Const. Art. III, § 2; 28 U.S.C. § 1331. The defendant pled guilty to violating those laws. Specifically, he pled guilty to violating 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. § 841(a)(1), both of

which are valid exercises of Congress' authority to regulate interstate commerce. *See Gonzales v. Raich,* 545 U.S. 1, 17-22 (2005); *United States v. Carter,* 294 F.3d 978, 981 (8th Cir. 2002); *United States v. Bell,* 90 F.3d 318, 320-21 (8th Cir. 1996). And the defendant offers no other basis to conclude that his convictions are void or voidable. *See* filing 259; filing 262.[1]

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

---

[1] The defendant also filed a "Motion for Summary Judgment/Default" (filing 263) based on the government's failure to respond to his § 2255 motion. But the Rules Governing Section 2255 Proceedings for the United States District Courts are quite clear: the government isn't required to answer unless the Court orders it. *Id.*, Rule 5(a).

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 259) is denied.

2. The defendant's "Motion for Summary Judgment/Default" (filing 263) is denied.

3. The defendant's motion to extend (filing 265) is denied as moot.

4. The Court will not issue a certificate of appealability in this matter.

5. A separate judgment will be entered.

6. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 10th day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge